# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>  Plaintiff,<br><br>  v.<br><br>SAVOIE, et al.,<br><br>  Defendants. | Case No. 1:22-cv-01035-SAB (PC)<br><br>ORDER GRANTING IN FORMA PAUPERIS APPLICATION<br><br>(ECF No. 2)<br><br>ORDER DIRECTING PAYMENT OF INMATE FILING FEE BY CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION |

Plaintiff Guillermo Trujillo Cruz is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on August 17, 2022, along with a motion to proceed in forma pauperis. (ECF Nos. 1, 2.)

**I.**

**DISCUSSION**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious

N/A
N/A
N/A

1 physical injury.  28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007).  The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury.  The Court takes judicial notice of the following United States District Court Cases: (1) Trujillo v. Sherman, Case No. 1:14-cv-01401-BAM (E.D. Cal.) (dismissed on April 24, 2015 for failure to state a claim); *aff'd* Case No. 15-15952 (9th Cir. May 6, 2016); (2) Trujillo v. Ruiz, No. 1:14-cv-00975-SAB (E.D. Cal.) (dismissed on January 6, 2016 for failure to state a claim), *aff'd*, Case No. 16-15101 (9th Cir. December 15, 2017); (3) Cruz v. Gomez, Case No. 1:15-cv-00859-EPG (E.D. Cal.) (dismissed on February 3, 2017 for failure to state a claim), *aff'd*, Case No. 17-15358 (9th Cir. October 25, 2017); and (4) Trujillo v. Gonzalez-Moran, Case No. 17-15200 (9th Cir.) (dismissed on August 21, 2017 as frivolous).  Plaintiff has been informed in other cases that he is subject to § 1915(g).  See Cruz v. Leyva, 1:18-cv-00399-LJO-GSA (PC) (E.D. Cal. May 24, 2018) (finding plaintiff subject to § 1915(g) and dismissing action for failure to pay the filing fee); see also Cruz v. Pfeiffer, 1:20-cv-01522-AWI-SAB (PC) (E.D. Cal. Apr. 28, 2021 (same).

      The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on December 16, 2021.  Andrews, 493 F.3d at 1053-1056.  Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions.  Id. at 1053.  While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible.  Id. at 1055.

///

1  Here, Plaintiff contends that Defendants Savoie and Strander fabricated a false rules violation report for overfamiliarity, sexual misconduct and/or similar infraction which continues to "trigger" assaults upon him at the hands of "anonymous resources."  More specifically, Plaintiff alleges that on May 27, 2022, while housed at Pelican Bay State Prison he was assaulted by another inmate after the inmate checked paper work and questioned about the false rules violation report dated April 27, 2016.  Plaintiff reasons that Defendants Savoie and Strander's guilty finding and false fabricated story continues to make him vulnerable "prey" for assaults by other inmates.

Based on Plaintiff's allegations, liberally construed, he has made the showing required by § 1915(g) and according, the request to proceed in forma pauperis will be granted.[1]  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account. The California Department of Corrections is required to send to the Clerk of the Court payments from Plaintiff's trust account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, (ECF No. 2), is GRANTED;

2. **The Director of the California Department of Corrections or his or her designee shall collect payments from Plaintiff's prison trust account in an amount equal to twenty per cent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. §**

---

[1] Although the Court has exercised its discretion in the interest of justice and granted Plaintiff in forma pauperis, Plaintiff is advised that the Court is reviewing the complaint to determine whether it is duplicative of the complaint filed in Cruz v. Savoie, No. 1:19-cv-01024-ADA-HBK (PC), and any future filings of this nature may be subject to further review.

3

**1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and number assigned to this action;**

3. The Clerk of the Court is directed to serve a copy of this order and a copy of Plaintiff's in forma pauperis application on Director of the California Department of Corrections, via the Court's electronic case filing system (CM/ECF); and

4. The Clerk of the Court is directed to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California.

IT IS SO ORDERED.

Dated:   **August 25, 2022**

UNITED STATES MAGISTRATE JUDGE