# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>SAVOIE, et al.,<br><br>Defendants. | Case No. 1:22-cv-01035-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION AS DUPLICATIVE |

Plaintiff Guillermo Trujillo Cruz is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant complaint on August 17, 2022.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1 conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
2 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate
3 that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.
4 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

5      Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings
6 liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d
7 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be
8 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
9 that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss
10 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant
11 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
12 liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572
13 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

16      Plaintiff contends that Defendants Savoie and Strander fabricated a false rules violation
17 report for overfamiliarity, sexual misconduct and/or similar infraction which continues to
18 "trigger" assaults upon him at  the hands of "anonymous resources."  More specifically, Plaintiff
19 alleges that on May 27, 2022, while housed at Pelican Bay State Prison he was assaulted by
20 another inmate after the inmate checked paper work and questioned about the false rules
21 violation report dated April 27, 2016.  Plaintiff reasons that Defendants Savoie and Strander's
22 guilty finding and false fabricated story continues to make him vulnerable "prey" for assaults by
23 other inmates.

## III.

## DISCUSSION

26      An examination of Plaintiff's instant complaint and a review of the Court's docket
27 reveals that it is duplicative of the complaint filed in Cruz v. Savoie, No. 1:19-cv-01024-ADA-
28 HBK (PC), which is pending before this Court.

1       "[A] duplicative action arising from the same series of events and alleging many of the
2 same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e).
3 See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). "Dismissal of the duplicative
4 lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial
5 economy and the 'comprehensive disposition of litigation.' " Adams v. California Dep't of
6 Health Servs., 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted), overruled on other grounds
7 by Taylor v. Sturgell, 553 U.S. 880, 904 (2008). To determine whether a claim is duplicative,
8 courts use the test for claim preclusion. Adams, 487 F.3d at 688. "Thus, in assessing whether the
9 second action is duplicative of the first, [courts] examine whether the causes of action and relief
10 sought, as well as the parties or privies to the action, are the same." Id. at 689 (citations omitted).
11 "Plaintiffs generally have no right to maintain two separate actions involving the same subject
12 matter at the same time in the same court and against the same defendant." Id. at 688 (internal
13 quotation marks and citations omitted).

14       A prisoner complaint that merely repeats pending or previously litigated claims may be
15 considered abusive and dismissed under the authority of 28 U.S.C. § 1915A. Cf. Cato v. United
16 States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing Bailey v. Johnson, 846 F.2d at 1021)
17 (duplicative in forma pauperis complaint may be considered abusive and dismissed under 28
18 U.S.C. § 1915). That a prisoner adds an additional defendant in his later-filed action does not
19 compel a different result. See Bailey, 846 F.2d at 1021 (complaint repeating same allegations
20 asserted in earlier case, even if now filed against new defendants, is subject
21 to dismissal as duplicative).

22       In both this action and Cruz v. Savoie, No. 1:19-cv-11024-ADA-HBK (PC), Plaintiff
23 alleges that a fabricated and false rules violation report dated April 27, 2016 continues to subject
24 him to assaults by other inmates. The Court finds that this action is duplicative of Cruz v.
25 Savoie, 1:19-cv-01024-ADA-HBK (PC) because it repeats the same allegations against Savoie.
26 That Plaintiff has added Strander as another Defendant to this action does not compel a different
27 result. See Bailey, 846 F.2d at 1021 (complaint repeating same allegations asserted in earlier
28 case, even if now filed against new defendants, is subject to dismissal as duplicative).

Accordingly, the instant complaint should be dismissed as duplicative. Furthermore, given this defect, the Court finds that further amendment would be futile. See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

## IV.
## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed as duplicative.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 25, 2022**

UNITED STATES MAGISTRATE JUDGE