UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>    Plaintiff,<br><br>    v.<br><br>SAVOIE, et al.,<br><br>    Defendants. | Case No. 1:22-cv-01035-ADA-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 17) |

On September 22, 2022, the Court dismissed the instant action filed pursuant to 42 U.S.C. § 1983 as duplicative, and the Court entered judgment. (*See* ECF Nos. 12, 13.)

On October 17, 2022, Plaintiff filed a motion for reconsideration under Rule 60 of the Federal Rules of Civil Procedure. (*See* ECF No. 17.)

**I.  Legal Standard**

Rule 60(b) of the Federal Rules of Civil Procedure allows the Court to relieve a party from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

1

Fed. R. Civ. P. 60(b).

When Rule 60(b)(1) through (5) do not encompass a party's basis for their motion for reconsideration, Rule 60(b)(6) provides that another reason may justify granting an equitable remedy. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). A party invoking Rule 60(b)(6) must demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute his case." *Id.* (citations omitted). The Court must sparingly use Rule 60(b)(6) only when extraordinary circumstances exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). In seeking reconsideration of an order, Plaintiff is also required to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," pursuant to Local Rule 230(k).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of what the Court has already considered in rendering its decision. *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 828 F.2d 514 (9th Cir. 1987).

**II.   Discussion**

Plaintiff contends that the Court erred in dismissing this action as duplicative of *Cruz v. Savoie*, No. 1:19-cv-01024-ADA-HBK (PC), which is pending in this Court. *See Cato v. U.S.*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (permitting dismissal of *in forma pauperis* complaint that duplicates pending claims pursuant to 28 U.S.C. § 1915). Plaintiff disagrees with

the Court's September 22, 2022, order, but such disagreement is not grounds for Rule 60(b) relief. As Plaintiff bears the burden of demonstrating extraordinary circumstances warranting Rule 60(b) relief, the Court denies Plaintiff's motion to the extent that he seeks to be relieved from the Court's September 22, 2022, order. *See Cmty. Dental Servs*, 282 F.3d at 1168.

### III.    Conclusion

Accordingly,

1. Plaintiff's motion for reconsideration, (ECF No. 17), of the Court's September 22, 2022, order is DENIED.

IT IS SO ORDERED.

Dated:  March 27, 2023

_____
UNITED STATES DISTRICT JUDGE